IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. VAN SICKEL,

    Petitioner,                     No. CIV S-08-0716 FCD DAD P

    vs.

MICHAEL S. EVANS,

    Respondents.                 ORDER

_____/

        This action was transferred to this court from the U.S. District Court for the Northern District of California. Petitioner, a state prisoner at Salinas Valley State Prison, has filed a letter in which he contends that eight years after his conviction, he now has discovered information that would provide grounds for a new trial. Petitioner's letter does not provide the information that is required for a habeas petition under Rules 2 of the Rules Governing § 2254 Cases.[1] Therefore, the court will order petitioner to file a petition for a writ of habeas corpus using the court's form petition. Although petitioner has filed an application requesting leave to

/////

---

[1] Petitioner is advised that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

proceed in forma pauperis, the court will not issue a ruling on petitioner's application until he has filed a proper habeas petition.

Petitioner has also filed a request for the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court cannot make such a determination when petitioner has not filed a proper habeas petition. Therefore, petitioner's request will be denied without prejudice.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is granted thirty days from the date of service of this order to file a petition for writ of habeas corpus that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; and petitioner must file an original and two copies of the petition. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed;

2. Petitioner's request for the appointment of counsel, filed in this court on April 4, 2008, is denied without prejudice; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for a writ of habeas corpus by a state prisoner.

DATED: April 22, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vans0716.nopet

2