IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. VAN SICKEL,

    Petitioner,                   No. CIV S-08-0716 FCD DAD P

    vs.

MICHAEL S. EVANS,            ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. See 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by the respondent's counsel. See 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred.

        A petitioner satisfies the exhaustion requirement by fairly presenting to the highest state court all federal claims before presenting them to the federal court. See Duncan v.

1

Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

After reviewing the pending petition for a writ of habeas corpus, the court concludes that petitioner has failed to exhaust his claims by presenting them to the highest state court. In his form petition submitted to this court, petitioner alleges that he filed a habeas petition with the Tehama County Superior Court claiming that he had received ineffective assistance of counsel in his underlying criminal prosecution. However, petitioner also indicates that this ineffective assistance of counsel claim was not presented to the California Supreme Court. Furthermore, petitioner does not allege that state court remedies are no longer available to him. Accordingly, the pending petition should be dismissed without prejudice.[1]

Petitioner has also requested the appointment of counsel. (Doc. No. 10 at 30.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In light of the conclusion reached above that the pending petition should be dismissed due to failure to satisfy the exhaustion requirement, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's April 4, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted;

/////

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for the filing of habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

2. Petitioner's July 2, 2009 motion for the appointment of counsel (Doc. No. 10) is denied without prejudice; and

3. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the May 6, 2008, petition filed in the instant case on the Attorney General of the State of California.

IT IS HEREBY RECOMMENDED that petitioner's May 6, 2008 application for a writ of habeas corpus be dismissed for failure to satisfy the exhaustion requirement.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 7, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
vans0716.103

3